**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0172-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SUNNY PATEL,

    Defendant-Appellant.

_____

Argued January 30, 2024 – Decided February 7, 2024

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 1-22.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Luke C. Kurzawa, on the brief).

Kristen Nicole Pulkstenis, Assistant Prosecutor, argued the cause for respondent (William E. Reynolds, Atlantic County Prosecutor, attorney; Kristen Nicole Pulkstenis, of counsel and on the brief).

PER CURIAM

Defendant Sunny Patel appeals from the Law Division's August 4, 2022 order denying his motion to vacate his March 30, 2015 guilty plea to driving while intoxicated (DWI). We affirm.

On January 17, 2015, defendant was arrested and charged for driving under the influence of alcohol in violation of N.J.S.A. 39:4-50. Represented by counsel, on March 30, 2015, defendant appeared before the municipal court and agreed to plead guilty to DWI. Defendant gave the court a factual basis for his plea and confirmed the plea was voluntary.

Specifically, defendant admitted he was operating a motor vehicle on January 17, 2015, and had been consuming alcoholic beverages on that date prior to getting behind the wheel. The judge asked defendant if he was "satisfied now as you reflect back on the events of that evening, considering the amount of alcohol you consumed, the nature of your driving, and the other circumstances that prevailed, that you were under the influence of the alcoholic beverages you consumed?" Defendant replied, "Yes, Your Honor."

The judge accepted defendant's plea and found him guilty of driving while intoxicated. The judge then asked defendant's attorney if there was a "Chun worksheet."[1] The worksheet showed that defendant's blood alcohol content

_____

[1] State v. Chun, 194 N.J. 54 (2008).

(BAC) measured .14%. The judge sentenced defendant as a first offender and suspended his driving privileges for seven months and imposed appropriate fines and financial assessments.

Over six years later, on September 20, 2021, defendant filed a motion in the municipal court seeking to vacate his guilty plea. Defendant argued that his plea was not supported by an adequate factual basis because he did not acknowledge that the results of his BAC test, which were not part of his plea colloquy, were accurate.

On December 13, 2021, the municipal court judge[2] denied defendant's motion as untimely under Rule 7:10-2(b)(2). The judge also found that defendant provided an adequate factual basis by admitting to consuming alcohol before he drove his vehicle on January 17, 2015, and that he was under the influence of those alcoholic beverages. The judge also reminded the parties that the BAC result, which was discussed after the judge accepted the plea and found defendant guilty of DWI, "only corroborated the defendant's proofs. It was not . . . the basis for the [c]ourt's conviction."

---

[2] This judge was the same judge who had presided at the March 30, 2015 plea hearing and sentencing.

A-0172-22

Defendant appealed to the Law Division, which, after argument, held that defendant's application to withdraw his guilty plea was untimely under Rule 7:10-2(b)(2). It also noted that defendant failed to demonstrate that the denial of his late application to withdraw his plea would result in a manifest injustice as set forth in Rule 7:6-2(b). The court further found that defendant's guilty plea was supported by a sufficient factual basis and, therefore, it fully complied with the requirements of Rule 7:6-2(a)(1). On appeal, defendant raises the following contention:

> DEFENDANT'S MOTION TO VACATE HIS GUILTY PLEA SHOULD HAVE BEEN GRANTED ON DE NOVO REVIEW PREDICATED UPON THE MUNICIPAL COURT'S FAILURE TO OBTAIN A FACTUAL BASIS FOR THE ENTRY OF DEFENDANT'S GUILTY PLEA ON MARCH 30, 2015 IN ACCORDANCE WITH R. 7:6-2(a)(1).

We have considered this contention in light of the record, the applicable law, and the arguments of counsel. We are satisfied that defendant's argument lacks sufficient merit to warrant extended discussion in a written opinion. See R. 2:11-(e)(2). We affirm substantially for the reasons set forth by the Law Division in its August 4, 2022 written decision. We add the following brief comments.

4

Applications filed in the municipal court for post-conviction relief, such as defendant's motion to vacate his guilty plea in this case, are governed by Rule 7:10-2. That rule plainly states that other than petitions to correct an illegal sentence, "[a] petition . . . shall not be accepted for filing more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect." R. 7:10-2(b)(2).

Here, the municipal court sentenced defendant on March 30, 2015. He did not file his motion challenging that conviction until September 20, 2021, well past the five-year limitation set by Rule 7:10-2. Defendant has never provided any explanation for his untimely submission and, therefore, the Law Division properly denied his late motion.

As the Law Division found, defendant's application was also untimely under Rule 7:6-2(b). That rule states that "[a] motion to withdraw a plea of guilty shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." (emphasis added). Defendant waited over six years after sentencing to file his motion. Just as importantly, defendant made no showing whatsoever that the denial of his motion would result in "a manifest injustice."

5

Finally, even if defendant's untimely application could be considered, the Law Division correctly found that defendant gave an adequate factual basis for the plea as required by Rule 7:6-2(a)(1).[3] Defendant admitted to drinking alcoholic beverages before he drove and that he operated his vehicle while under the influence of alcohol.[4] Defendant's attorney submitted the BAC test results, which amply corroborated defendant's factual admissions. Therefore, the court properly denied defendant's motion to vacate the plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Rule 7:6-2(a)(1) states that before accepting a guilty plea, a municipal court judge must address the defendant personally, and make a determination "by inquiry of the defendant and, in the court's discretion, of others, that the plea is made voluntarily with the understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea."

[4] Defendant relies upon an unpublished, readily distinguishable decision of this court to assert that the factual basis for his plea in this case was deficient because he did not personally acknowledge the admissibility of the results of the BAC test during the plea colloquy. Defendants' reliance on this unpublished case is misplaced because pursuant to Rule 1:36-3, the case has no precedential value and is not binding on any court. As we stated in Badiali v. New Jersey Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n. 4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015), "as a general matter, unpublished opinions are not to be cited by any court absent certain specified circumstances." None of those circumstances apply to the unrelated, unpublished case on which defendant relies.